UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KELLY S. CARROLL                                        CIVIL ACTION

VS.                                                     NO. 2:18-CV-04469

PRUDENTIAL INSURANCE COMPANY OF AMERICA

**COMPLAINT**

The Complaint of Kelly S. Carroll respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Kelly S. Carroll**, of lawful age and a resident of Paris, Tennessee, is a plan participant and beneficiary of an ERISA plan created by his employer, Fiat USA, Inc. and an insured participant of a group disability policy issued by Prudential Insurance Company of America.

4. Defendant, Prudential Insurance Company of America ("Prudential"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Prudential is incorporated in Newark, New Jersey, and its principal place of business is in the state of New Jersey.

5. Prudential issued a group policy, No. DG-01066-NJ, insuring the employees of Fiat USA, Inc. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded his from continuing to perform the duties of his job on a fulltime basis. Plaintiff suffers from constant nausea since implantation of his pacemaker, severe memory loss, back and neck pain, headache, nausea, right and left shoulder pain, nausea daily, colon problems, black out events, failed left rotator cuff surgery, bowel problem, headaches. He has undergone cervical laminectomies in 2004 and 2013. He had undergone surgical repairs of bilateral rotator cuff tears. He has extensive medical records which demonstrate his debilitating conditions

8. Plaintiff is disabled under the terms of the disability policy issued by Prudential.

9. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

10. After paying benefits for years, Prudential unlawfully terminated Plaintiff benefits he is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, providing evidence that he remained disabled under policy terms, but Prudential upheld its previous decision.

12. Prudential's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

13. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Prudential's denial of benefits.

14. Prudential has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. Prudential has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

16. Prudential has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation and/or the actual duties of alternative occupations.

17. Prudential administered Plaintiff's claim with an inherent and structural conflict of interest as Prudential is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Prudential's assets.

18. Prudential has failed to give the policy and Plan a uniform construction and interpretation.

19. Prudential chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

20. As a routine business practice, Prudential uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

21. Prudential's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

22. Plaintiff has been denied the benefits due to his under the Plan, has suffered, and is continuing to suffer economic loss as a result.

23. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

24. Defendants' denial has required Plaintiff to hire attorneys to represent his in this matter to recover benefits due to his under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                    Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com